UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X
ANTHONY BENVEGNA, individually and on  :  CASE NO.:
behalf of all others similarly situated,       :
                                               :
                    Plaintiff,                 :           **CLASS ACTION**
                                               :
            vs.                                :  **COMPLAINT FOR VIOLATIONS OF**
                                               :  **THE FAIR DEBT COLLECTION**
COLLECTION RECOVERY SERVICES,                  :  **PRACTICES ACT**
INC.; and JOHN AND JANE DOES 1-50,             :
                                               :           **DEMAND FOR JURY TRIAL**
                    Defendants.                :
                                               :
---------------------------------------------------------X

## I.  PRELIMINARY STATEMENT

1. Plaintiff, ANTHONY BENVEGNA, on behalf of himself and all others similarly situated, brings this action for the illegal practices of Defendants, COLLECTION RECOVERY SERVICES, INC. ("CRS"), and JOHN AND JANE DOES 1-50 ("DOES") (collectively "Defendants") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from Plaintiff and other similarly situated customers.

2. Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

3. Such collection practices include, *inter alia*, sending consumers written communications in an attempt to collect debts, which falsely state the consumers' alleged defaulted and charged-off debts are continuing to accrue daily interest, late charges, and other charges.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. Congress, finding evidence of the use of abusive, deceptive, and

1

unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. The FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8).

8. The FDCPA at 15 U.S.C. §1692g mandates that a debt collector, in its initial communications with a consumer in connection with the collection of any debt, send the

2

consumer a written notice containing a non-exhaustive list of certain disclosures. Among these *per se* violations are: failing to state the amount of the debt, 15 U.S.C. 1692g(a)(1).

9. Plaintiff, individually and on behalf of all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

10. BENVEGNA is a natural person.

11. At all times relevant to this lawsuit, BENVEGNA was a citizen of, and resided in, the City of Mineola, Nassau County, New York.

12. CRS is a for-profit corporation formed under the laws of the State of Pennsylvania.

13. BENVEGNA is informed and believes, and on that basis alleges, that CRS maintains its principal place of business at 29 Regency Plaza, City of Glen Mills, Delaware County, Pennsylvania.

14. Defendants DOES are sued under fictitious names because their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this Complaint by inserting the true names and capacities of these DOES once they are ascertained.

15. Plaintiff is informed and believes, and on that basis alleges, that Defendants, DOES, are natural persons and/or business entities all of whom reside or are located within the United States who are personally created, instituted, and, with knowledge that such practices were contrary to law, acted consistent with and oversaw the violate policies and procedures used by the employees of CRS that are the subject of this Complaint. Those Defendants personally

control the illegal acts, policies, and practices utilized by CRS and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III.   JURISDICTION AND VENUE

16. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

17. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because Defendants are subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV.   FACTS

18. CRS is a business, the principal purpose of which is collection of defaulted consumer debts.

19. CRS regularly engages in the collection of defaulted consumer debts.

20. CRS regularly engages in the collection of defaulted consumer debts owed to others.

21. In attempting to collect debts, CRS uses the mails, telephone, Internet, and other instruments of interstate commerce.

22. CRS mailed, or caused to be mailed, to BENVEGNA a letter dated April 25, 2018 (the "First Letter").

23. A true and correct copy of the Letter is attached as *Exhibit A*, except the undersigned has partially redacted it.

24. The First Letter alleged BENVEGNA had incurred and defaulted on a financial obligation (the "Debt") originally owed to Loyola University of Maryland.

25. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes, namely education expenses.

26. The First Letter was CRS' first written communication with BENVEGNA attempting to collect the Debt.

27. On information and belief, sometime prior to April 25, 2018, the creditor of the debt either directly or through intermediate transactions assigned, placed, or transferred the debt to CRS for collection.

28. The First Letter stated the "Amount Due" was $5,149.54.

29. CRS mailed, or caused to be mailed, to BENVEGNA a second letter dated May 3, 2018 (the "Second Letter").

30. A true copy of the Second Letter is attached as *Exhibit B* except the undersigned has redacted it.

31. The Second Letter stated the "Amount Due" was $5,155.18.

32. CRS mailed or caused to be mailed, to BENVEGNA a third letter dated May 31, 2018 (the "Third Letter").

33. A true copy of the Third Letter is attached as *Exhibit C* except the undersigned has redacted it.

34. The Third Letter stated the "Amount Due" was $5,174.93.

35. The First Letter failed to disclose interest was accruing on the Debt.

36. Although the First Letter listed an "Amount Due," it did not state the date on which the "Amount Due" was calculated, did not explain interest was accruing on the unpaid

principal, and did not explain that, as a result of interest accruing, BENVEGNA's total balance might be greater on the date he made a payment.

37. Although the First Letter stated an "Amount Due," it also failed to disclose to BENVEGNA that CRS would attempt to collect the additional accruing interest at a later date.

38. Upon receiving the First Letter, BENVEGNA was uncertain whether the Debt was accruing interest.

39. Upon reviewing the First Letter, BENVEGNA incorrectly believed, as would an unsophisticated consumer, that the "Amount Due" was calculated on the date the letter was sent, that the "Amount Due" was static and not increasing, and his payment of that amount would satisfy the Debt regardless of when he made the payment.

40. The First Letter would cause unsophisticated consumers uncertainty and force them to guess how much money they allegedly owed.

41. The First Letter would force unsophisticated consumers to guess how much money would accrue daily on the alleged debt, how much additional money they would owe if they paid the amount stated in the First Letter, and whether CRS' collection efforts would actually stop if they remitted the "Amount Due."

42. The First Letter does not clearly and unambiguously state the amount of the Debt.

43. The First Letter deprived BENVEGNA of truthful, non-misleading information in connection with CRS' attempt to collect a debt.

44. On information and belief, the First Letter, was created by merging information specific to a debt and consumer with a template to create what is commonly called a "form letter."

45. Consequently, on information and belief, CRS caused the same form collection letter to be mailed to others, who like BENVEGNA, reside in New York.

## V.   CLASS ALLEGATIONS

46.     CRS' conduct towards BENVEGNA is consistent with its policies and practices when attempting to collect debts from consumers generally. Consequently, this action is brought by BENVEGNA individually and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

47.     BENVEGNA seeks to certify a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

48.     ***Class Definition***. The Class consists of: All natural persons to whom CRS mailed a written communication in the form of ***Exhibit A*** to an address in the State of New York between April 12, 2018 and May 3, 2019 that sought to collect a debt that was accruing interest but which failed to disclose interest was accruing.

49.     The identities of the Class members are readily ascertainable from the business records of Defendant.

50.     ***Class Claims***. The Class claims include all claims each Class member may have for a violation of the FDCPA arising from Defendants having mailed a written communication in the form of ***Exhibit A*** to such Class member.

51.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation.

52.     ***Numerosity***. On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

53.     ***Common Questions Predominate***. Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving

only individual class members because such questions and issues concern the same conduct by Defendant with respect to each Class member.

54. ***Typicality*.** BENVEGNA's claims are typical of the Class members because those claims arise from a common course of conduct engaged in by Defendants.

55. ***Adequacy*.** BENVEGNA will fairly and adequately protect the interests of the Class members because he has no interests that are adverse to the interests of the Class members. Moreover, BENVEGNA is committed to vigorously litigating this matter and has retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither BENVEGNA nor his counsel has any interest that might cause them not to vigorously pursue the instant class action.

56. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting individual Class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

57. Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of class size and net worth), BENVEGNA may, in addition to moving for class certification using modified Class definitions, Class claims, or Class periods, or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VI.   CAUSE OF ACTION: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

58. The factual allegations in the preceding paragraphs are realleged and incorporated

by reference.

59. CRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

60. JOHN AND JANE DOES 1-50 are each a "debt collector" as defined by 15 U.S.C. §1692a(6).

61. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

62. *Exhibit B* is a "communication" as defined by 15 U.S.C. §1692a(2).

63. *Exhibit C* is a "communication" as defined by 15 U.S.C. §1692a(2).

64. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

65. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

66. Defendants' use and mailing of the Letters violated the FDCPA in one or more following ways:

   (a) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. §1692e;

   (b) Using a false representation of the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   (c) Using a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10);

   (d) Collecting a debt using an unfair means in violation of 15 U.S.C. §1692f;

   (e) Failing to provide a written notice containing information required under 15 U.S.C. §1692g(a) either with the initial communication or within five days after the initial communication; and,

   (f) Failing to state the amount of the Debt in an unambiguous manner as required by 15 U.S.C. § 1692g(a)(1).

## VII. PRAYER FOR RELIEF

67. WHEREFORE, Plaintiff, BENVEGNA, individually and on behalf of all others similarly situated, demands judgment against Defendants as follows:

(a) An Order certifying this action as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

(b) An award of statutory damages for Plaintiff pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) An award to Plaintiff for his services on behalf of the Class as determined in the discretion of the Court;

(d) Attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(3);

(e) An award of actual damages to Plaintiff or the Class to the extent the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiff or the Class; and,

(f) For such other and further relief as may be just and proper.

## VIII. JURY DEMAND

68. Trial by jury is demanded on all issues so triable.

DATED: Uniondale, New York
April 12, 2019

                                              _____
                                              Abraham Kleinman (AK-6300)
                                              KLEINMAN LLC
                                              626 RXR Plaza
                                              Uniondale, NY 11556-0626
                                              Telephone: (516) 522-2621
                                              Facsimile: (888) 522-1692
                                              E-Mail: akleinman@kleinmanllc.com

                                              *Attorney for Plaintiff, Anthony Benvegna*